Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (MMS #1300307)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-4983
    Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SETH D. HARRIS**,<br>   Acting Secretary of Labor,<br>   United States Department of Labor,<br><br>               Plaintiff,<br>   v.<br><br>**MIAS FASHION MANUFACTURING COMPANY, INC.**<br><br>              Defendant. | Case No.: CV 13-04054 JFW-FFM<br><br>**CONSENT JUDGMENT** |

Plaintiff Seth D. Harris, Acting, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendant Mias Fashion Manufacturing Company, Inc. ("Defendant"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

    A.    The Secretary has filed a Complaint alleging that the Defendant violated provisions of Sections 15(a)(1), 29 U.S.C. §§ 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA");

    B.    Defendant appeared by counsel, waived issuance and service of Summons, and waived any answer and any defenses to the Secretary's Complaint;

    C.    The Secretary and Defendant waived Findings of Fact and Conclusions of

Law, and agreed to the entry of this Consent Judgment, without contest;

  D. Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California;

## FACTUAL BACKGROUND

  E. Defendant is a garment manufacturer that contracts with independent garment factories who work on the textiles and designs supplied by the Defendant. The work subcontracted to these independent garment factories ("garment contractors") include sewing, cutting, printing and finishing of the garments. Once all of the garment contractors conclude their portion of the work on the Defendant's goods, those goods are shipped to Defendant or Defendant's retail customers, for sale in commerce. Under the FLSA's "Hot Goods" provision, 29 U.S.C. § 215(a)(1), all persons are prohibited from introducing into commerce goods that have been worked on employees who were not paid the wages required under the FLSA. Prior to the instant matter, investigations conducted by the Wage and Hour Division, U.S. Department of Labor ("Wage and Hour") have disclosed circumstances in which the hot goods provision was violated.

  F. During the period of March 13, 2011 – June 16, 2011, J&H Fashion, Inc. also known as T&G Mode, Inc. and doing business as JYM Merchandise, located at 647 Gage Street, Los Angeles, CA 90001, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

    i. During the period of March 13, 2011 – June 16, 2011, J&H Fashion, Inc. violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying its employees who worked on garments produced for Defendant at wage rates less than the applicable federal minimum wage of $ 7.25 per hour;

    ii.  During the period of March 13, 2011 – June 16, 2011, J&H Fashion, Inc. violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendant at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

    iii.  During the period of March 13, 2011 – June 16, 2011, Defendant violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1) (the "hot goods" provision), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of J&H Fashion, Inc. were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

  G. During the period of August 30, 2011 through November 28, 2011, G&G Apparel, Inc., located at 203 W. Martin Luther King Blvd., Los Angeles, CA  90037, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

    i.  During the period of August 30, 2011 through November 28, 2011, G&G Apparel, Inc. violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying its employees who worked on garments produced for Defendant at wage rates less than the applicable federal minimum wage of  $ 7.25 per hour;

    ii. During the period of August 30, 2011 through November 28, 2011, G&G Apparel, Inc. violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207

and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendant at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

iii. During the period of August 30, 2011 through November 28, 2011, Defendant violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1) (the "hot goods" provision), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of G&G Apparel, Inc. were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Section 15(a)(1), 29 U.S.C. §§ 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), in any of the following manners:

1) Defendant shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendant or other(s)) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207);

2) Defendant shall not fail to disgorge, from the gross proceeds of its having sold or shipped in commerce goods that had been worked on by Global Oak Finishing, Inc. doing business as Oak Hotfix and Finishing and doing business as Oak H & F who

were not paid the minimum wage and overtime required by the FLSA, 29 U.S.C. §§ 206 and 207, an amount sufficient to cover the back wages due to these employees under the FLSA.  The amount hereby found due to these employees is $3,236.78 for the period of February 4, 2013 through May 4, 2013 as set forth on the attached Exhibit A, showing the name of each employee, the period covered by this Judgment and the gross amount due to each.

Defendant has delivered the amounts due under this Judgment to representatives of the Secretary of Labor.   The Secretary shall allocate and distribute the remittances, or the proceeds thereof, after deducting the amount of legal deductions and forwarding said funds to the appropriate agencies, to the persons named in the attached Exhibits A, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c);

3) Within 60 days of the entry of this Judgment, Defendant shall hire an independent third party monitor, acceptable to the Secretary, to monitor all of its sewing, cutting, finishing, trimming and printing garment contractors to enforce the contractors' compliance with the FLSA.  The monitor shall not be considered independent if it represents either the manufacturer or contractor involved in this action in any dealings with other parties or the Department of Labor.

The monitoring program shall include the following components:

    A.   Random and unannounced site visits to the contractor, at least on a quarterly basis;

    B.   Review of the contractor's timecards and payroll records on at least a quarterly basis;

    C.   Private and confidential interviews of at least 20% of the current em-

ployees to determine the hours they work and the wages they are paid. The names of the employees who are interviewed shall not be disclosed to the employer. At least one half of the interviews shall be done off work premises;

  D. Disclosure to the contractor and Defendant of any FLSA compliance issues revealed by the monitoring without revealing the names of employees who provided the information;

  E. Review of the contractor's garment registration to determine if the contractor is operating under a valid garment registration;

  F. No adverse action may be taken against any employee who cooperates with the monitor or who provides information about violations of the FLSA.

The monitor shall produce written reports of its findings which must address each of the subjects required under this paragraph. Defendant shall maintain these reports for a period of three years and supply copies to representatives of the Secretary of Labor upon their request.

 4) Where the monitor identifies FLSA violations at a contractor's establishment, Defendant shall ensure that such violations are corrected within ten business days, including calculation and payment to the contractor's employees of any backwages owed. Defendant shall also send a letter to the District Director, Wage and Hour Division, 915 Wilshire Boulevard, Suite 960, LA, CA 90017 identifying the violations, the backwages that were paid and with copies of the payments made to employees at the time payment to the employees has been made.

 5) Defendant shall require all garment contractors with whom it does business, who are subject to the garment registration requirements of the State of California, to maintain a valid garment registration. Defendant shall not do business with any garment contractor without a valid registration;

 6) To ensure that its garment contractors pay employees the wage rates required by the FLSA, Defendant shall discuss the following subjects with the owner or top management official of all contractors with whom it does business in order to assess

the contractor's willingness and ability to understand and comply with the FLSA prior to entering into any agreement with the contractor for its services and on a quarterly basis thereafter.  Defendant shall maintain for a period of three years documentation showing that these subjects have been discussed and produce this documentation to representatives of the Secretary of Labor upon their request:

      A.    The terms of the FLSA, including the contractor's obligation to pay minimum wage and overtime and maintain accurate records of the hours worked by and wages paid to its employees;

      B.    How to calculate overtime when employees are paid on a piece rate basis.  The attached Exhibit B contains examples of minimum wage and overtime calculations;

      C.    Whether the proposed price terms are such that the contractor will be able to comply with the FLSA's minimum wage and overtime requirements;

      D.    The contractor's willingness and ability, in light of the contractor's prior compliance history, involvement in the industry and financial resources, to understand and comply with the FLSA;

      E.    The contractor's obligation to inform Defendant immediately whenever the contractor is unable to meet any requirement of the FLSA;

      F.    The contractor's obligation to maintain true and accurate payroll records, and records of hours worked by all persons who work on goods produced for the Defendant;

      G.    The contractor's obligation to cooperate with the monitor.

Defendant shall supply copies of the documentation required by this paragraph to representatives of the Secretary of Labor upon their request;

      7)    Defendant shall notify its garment contractors that it shall not conduct business with any contractor who is unwilling or unable to comply with the FLSA and the terms of this Judgment, or who takes any adverse action or retaliates against any employee for cooperating with the monitor or reporting violations of the FLSA;

8) Defendant shall require all garment contractors with whom it does business to maintain true and accurate time and payroll records that include all of the employees that perform work for it, regardless of whether they are paid in cash or by check. Further, Defendant shall require all garment contractors who pay their employees on a piece rate basis to maintain all piece tickets for a period of two years. The contractors must maintain these records at their business establishments and must submit a copy of these records to Defendant no later than one month after the period worked as reflected on the records; i.e., the contractor must submit the records for workweek ending 9/01/12 no later than 10/01/12. To assess the contractor's compliance with the FLSA, Defendant shall review these records at reasonable intervals in light of the production requirements of the goods that the contractor is producing for Defendant. Defendant shall conduct this analysis as frequently as necessary to ensure the contractor's compliance with the FLSA, shall document this analysis when it is done, maintain records of this analysis for two years and provide copies of it to representatives of the Secretary of Labor upon their request.

9) Defendant shall maintain for a period of three years copies of production records for all of their garment contractors and supply copies of these records to representatives of the Secretary of Labor upon their request;

10) Defendant shall maintain records of all contracts made with retailers and records regarding shipment of its goods to retailers for at least three years from the date the shipment was made and supply copies of these records to representatives of the Secretary of Labor upon their request;

11) Defendant shall supply all of its garment contractors with copies of the attached Exhibits B regarding overtime calculations and C which summarizes terms of this Judgment and the employees' rights under the FLSA. The English, Spanish and Korean versions are attached. Defendant shall ensure that its contractors distribute a copy of Exhibits B and C to each of their current employees within 30 days of entry of this Judgment, in the employees' native languages, provide copies to all new hires, and post

1 a copy at each of its contractor's establishments.

2     12) Defendant shall maintain records of all complaints it receives from employ-
3 ees of its contractors and produce them to representatives of the Secretary of Labor upon
4 their request; and it is further

5     ORDERED that each party shall bear its own fees and other expenses incurred by
6 such party in connection with any stage of this proceeding, including but not limited to
7 attorneys' fees, which may be available under the Equal Access to Justice Act, as
8 amended; and, it is further

9     ORDERED that this Court retains jurisdiction of this action for purposes of en-
10 forcing compliance with the terms of this Consent Judgment.

12 Dated: __June 26__, 2013          John F. Walter /s/
13                                             U.S. DISTRICT COURT JUDGE

15 For the Defendant, Mias Fashion Manu-
    Facturing Company, Inc.
16

17 The Defendant hereby appears, waives any
    defense herein, consents to the entry of
18 this Judgment, and waives notice by the
19 Clerk of Court:

20 By: _____      05/28/2013
21     Peter D. Ahn                           Date

23 Its: _____
    Chief Executive Officer

25 ///

26 ///

Consent Judgment (MMS 1300138)                  Page 9 of 17

1  Attorneys for the Defendant
2
3  _____          05/28/2013
4  ALICE LI, ESQUIRE                       Date
   Counsel for
5  Mia's Fashion Manufacturing Company, Inc.
6
7  For the Plaintiff:
8
9  M. PATRICIA SMITH
   Solicitor of Labor
10
11 JANET M. HEROLD
   Regional Solicitor
12
13 DANIEL J. CHASEK
   Associate Regional Solicitor
14
15 _____          June 11, 2013
16 SUSAN SELETSKY, Attorney                Date
   Attorneys for the Plaintiff
17 U.S. Department of Labor
18
19
20
21
22
23
24
25
26
27
28

Consent Judgment (MMS 1300138)                          Page 10 of 17

Exhibit A

| Last Name | First Name | Period Covered | Gross Amount Due |
|---|---|---|---|
| Acosta | Fermin | 02/04/13 – 05/04/13 | $ 162.40 |
| Arciniega | Isabel | 02/04/13 – 05/04/13 | $ 20.95 |
| Beltran | Maribel | 02/04/13 – 05/04/13 | $ 94.09 |
| Bernal | Lourdes | 02/04/13 – 05/04/13 | $ 12.33 |
| Bernal | Maria | 02/04/13 – 05/04/13 | $ 32.46 |
| Campos | Paola | 02/04/13 – 05/04/13 | $ 142.96 |
| Castro | Arturo | 02/04/13 – 05/04/13 | $ 25.37 |
| Centeno | Martha | 02/04/13 – 05/04/13 | $ 143.81 |
| Cortez | Lorena | 02/04/13 – 05/04/13 | $ 5.34 |
| Domingez | Geo | 02/04/13 – 05/04/13 | $ 14.79 |
| Fernandez | Joni | 02/04/13 – 05/04/13 | $ 142.37 |
| Garzon | Dolores | 02/04/13 – 05/04/13 | $ 51.77 |
| Gomez | Salurlos | 02/04/13 – 05/04/13 | $ 1.64 |
| Gonzalez | Rolando | 02/04/13 – 05/04/13 | $ 153.26 |
| Granados | Lorena | 02/04/13 – 05/04/13 | $ 142.98 |
| H.V. | Micaela | 02/04/13 – 05/04/13 | $ 12.74 |
| Hernandez | Alex | 02/04/13 – 05/04/13 | $ 112.58 |
| Hernandez | Maria | 02/04/13 – 05/04/13 | $ 15.61 |
| Hernandez | Marisol | 02/04/13 – 05/04/13 | $ 60.81 |
| Larios | Elvia | 02/04/13 – 05/04/13 | $ 35.75 |
| Lopez | Patricia | 02/04/13 – 05/04/13 | $ 209.03 |
| Lopez | Patricia | 02/04/13 – 05/04/13 | $ 23.73 |
| Lozano | Fabiola | 02/04/13 – 05/04/13 | $ 26.71 |
| Marquez | Rosa | 02/04/13 – 05/04/13 | $ 153.46 |

| Mora | Erica | 02/04/13 – 05/04/13 | $ | 96.97 |
|---|---|---|---|---|
| Ortega | Sodelua | 02/04/13 – 05/04/13 | $ | 175.06 |
| Pelaez | Gabriela | 02/04/13 – 05/04/13 | $ | 117.87 |
| Pena | Monica | 02/04/13 – 05/04/13 | $ | 146.53 |
| Perez | Beatriz | 02/04/13 – 05/04/13 | $ | 14.79 |
| Perez | Erica | 02/04/13 – 05/04/13 | $ | 14.79 |
| Ramirez | Lorena | 02/04/13 – 05/04/13 | $ | 154.90 |
| Rivas | Alejandra | 02/04/13 – 05/04/13 | $ | 105.60 |
| Rivas | Alma | 02/04/13 – 05/04/13 | $ | 114.22 |
| Rojas | Yessica | 02/04/13 – 05/04/13 | $ | 16.44 |
| Romero | Ana | 02/04/13 – 05/04/13 | $ | 118.33 |
| Rosalels | Sowia | 02/04/13 – 05/04/13 | $ | 11.92 |
| Ruelas | Pedro | 02/04/13 – 05/04/13 | $ | 96.15 |
| Sanchez | Cristina | 02/04/13 – 05/04/13 | $ | 44.79 |
| Seqora | Roberto | 02/04/13 – 05/04/13 | $ | 32.36 |
| Soleto | Juana | 02/04/13 – 05/04/13 | $ | 111.76 |
| Soto | Irma | 02/04/13 – 05/04/13 | $ | 20.95 |
| Valencia | Fatima | 02/04/13 – 05/04/13 | $ | 13.97 |
| Valencia | Gloria | 02/04/13 – 05/04/13 | $ | 21.78 |
| Valencia | Guadalupe | 02/04/13 – 05/04/13 | $ | 5.34 |
| Valencia | Rosibel | 02/04/13 – 05/04/13 | $ | 5.34 |

<u>Exhibit B</u>

Computing minimum wage and overtime on piecework:

**Example 1:**

Employee A produced $200 in piecework and worked 40 hours

    $200 / 40 hours = $5.00 per hour

    Difference = $8.00 (Calif. Minimum Wage) - $5.00 = $3.00 per hour (underpaid)

***$3.00 per hour x 40 hours = $120.00 minimum wage due***

**Example 2:**

Employee B produced $425.00 in piecework and worked 50 hours

    $425 / 50 hours = $8.50 per hour

    $8.50 per hour x 0.5 (half time) = $4.25 per hour due for OT hours

***$4.25 x 10 hours = $42.50 in overtime premium due***

**Example 3:**

Employee C produced $365.00 in piecework and worked 50 hours

    $365 / 50 hours = $7.30 per hour

    Difference in Reg. Rate = $8.00 (State minimum wage) - $7.30 = $.70 per hour

    $.70 x 50 hours = $35.00 in regular rate due

    $8.00 x 0.5 (half time) x 10 hours of OT = $40.00 in overtime premium due

**Total Due: $35.00 in regular rate and $40.00 in overtime premium - $75.00**

**Como computar el sueldo mínimo y el tiempo y medio (overtime) para los trabajadores que ganan por pieza.**

**Ejemplo No. 1:**

El empleado A hizo $200.00 en trabajo de piezas y trabajo 40 horas.

- $200.00 / 40 horas = $5.00 por hora
- La diferencia es: $8.00 (sueldo mínimo por hora en California) - $5.00 = $3.00 por hora. $3.00 por hora es lo que se le debe a esta persona.

**Total: $3.00 por hora x 40 horas = $120.00 que se le debe al empleado por sueldo mínimo.**

_____

**Ejemplo No. 2:**

El empleado B hizo $425.00 en trabajo de piezas y trabajo 50 horas.

- $425.00 / 50 horas = $8.50 por hora
- $8.50 por hora **x** 0.5 (la mitad) = $4.25 que se debe por hora por cada hora de tiempo extra (overtime).
- **Total: $4.25 por hora x 10 horas = $42.50 que se le debe al empleado por tiempo extra (overtime).**

**Ejemplo No. 3:**

El empleado C hizo $365.00 en trabajo de piezas y trabajo 50 horas.

- $365.00 / 50 horas = $7.30 por hora
- La diferencia en Salario Regular es: $8.00 (sueldo mínimo por hora en California) - $7.30 = $0.70 que se le debe al empleado por cada hora $0.70 x 50 horas = $35.00 es lo que se debe en Salario Regular.
- $8.00 por hora **x** 0.5 (la mitad) **x** 10 horas extras (overtime) = $40.00 que se le debe al empleado por tiempo extra (overtime).
- **Total: $35.00 en Salario Regular y $40.00 por tiempo extra (overtime) = $75.00.**

<u>Exhibit C</u>
# LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to an overtime premium when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **Mias Fashion**, a garment manufacturer, from shipping goods sewn for its label on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**.

**Mias Fashion wants to know if you are not being paid in accordance with the law.**    All employees who work in this establishment can help **Mias Fashion** not to violate the Court's Order.   You can call the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375 or Mias Fashion at (562) 906-1060**.**   Your name will not be disclosed.

**NOTICIA LEGAL A TODOS LOS EMPLEADOS**

La Ley de **Norma Justas de Trabajo** determina que se les debe pagar a todos los empleados el sueldo mínimo por todas las horas que ellos trabajen. A la vez, también estipula que cada empleado que trabaje sobre tiempo, más de 40 horas en una semana laboral, se les deberá pagar a tiempo y medio de lo que ganen por cada hora de sobre tiempo trabajada. Todos los empleados, independientemente de que se les pague por hora o por pieza, tienen derecho a que se les pague prima sobre tiempo cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el Departamento Del Trabajo, la corte del Distrito de los Estados Unidos expidió una orden que prohíbe a **Mias Fashion**, una fábrica de ropa, de enviar la producción de etiquetas a sus distribuidores si en la fabricación de dichos productos no se les pago a los empleados el sueldo mínimo o el sobre tiempo requerido por la **Ley de Norma Justas de Trabajo**.

**Mias Fashion** quiere saber si no se les esta pagando adecuadamente a fin de cumplir con la orden de la Corte. Si usted piensa que no se le pago de acuerdo a lo que la ley indica, por favor llama al Departamento del Trabajo de los Estados Unidos, División de Horas y Salarios al (213) 894-6375 o a **Mias Fashion** al número **(562) 906-1060**. Su nombre se mantendrá confidencial.

## 모든 직원에게 법적 공지문

미연방의 공정 근로 기준법은 모든 직원들이 노동 시간에 따라 최소 임금을 받을 수있도록 규정하고 있습니다.

그리고 또한, 일주일에 40 시간 이상 근무하였을때 초과 시간에 1.5 배의 오버타임 (초과 근무 수당) 임금을 지급하게 규정하고 있습니다.

모든 직원은 40 시간 초과 근무했을 때, 시간제 임금을 받거나 생산 성과에 따라 임금을 받는것에 상관없이 초과 근무 수당을 지급받을 수 있습니다.

노동청이 제소한 소송을 해결하기 위해 미 연방 지역 법원은 공정 근로 기준법에 의해 의무화된 최소 임금이나 초과 근무 수당을 직원에게 지불하지 않은 물품을 의류 제조 업체인 **Mias Fashion** 가 발송하지 못하게 명령하였습니다.

이 공장에서 일하는 모든 직원은 **Mias Fashion** 법정 명령을 준수 할수 있게 도을 수 있습니다.

법에 따른 임금을 받고 있지 않다고 생각하신다면 지금 **Mias Fashion (562) 906-1060** 전화 하십시요.

아니면, 미연방 노동청, 임금과 시간 부처로 (213) 894-6375 전화 하십시요.

당신의 이름은 비밀로 보장됩니다.